**UNITES STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   SEP 2 8 2005   ★

LONG ISLAND OFFICE

———————————————————— X

Stewart Raccuglia and
Stephanie Raccuglia

Plaintiff

-against-

A&S Collection Associates, Inc.
and "Yolanda"; Thomas Helmka
and Aqua Sports Adventures

Defendant

Docket No.

CV 05 4586

COMPLAINT AND DEMAND FOR
JURY TRIAL

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

————————————————————————

Plaintiffs, by their attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices; New York State General Business law; negligence; gross negligence; and defamation.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available pursuant to 28 U.S.C. Section 2201 and 2202, and New York State law. Injunctive relief is available pursuant to New York

State law. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiffs, are natural persons residing in Suffolk County, New York. Plaintiffs are "consumers" as defined by the FDCPA. Plaintiffs are married to each other.

4. Defendant A&S Collection Associates, Inc. (A&S) is a corporation engaged in the business of collecting debts in this state with its principal place of business located in the State of Vermont. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another. A& S is a "debt collector" as defined by the FDCPA.

5. Defendant "Yolanda" is a natural person and an employee of A&S at all times relevant to this complaint. Yolanda is a "debt collector" as defined by the FDCPA.

6. Defendant Thomas Helmka (hereinafter "Helmka") is a natural person residing in the state of Georgia. On information and belief, Helmka is the owner of Aqua Sports Adventures.

7. Defendant Aqua Sports Adventures is a non-incorporated company with its principal place of business at 6900 Holiday Road, Buford, GA 30518.

8. The alleged debt of Plaintiffs was incurred for personal, family, or household services.

9. Any reference hereinafter to "Defendant," or "Defendants," without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## IV. FACTUAL ALLEGATIONS

10. In or about September 2004, Plaintiff Stewart Raccuglia rented a boat from a company called Acqua Sports Adventures in the state of Georgia. Mr. Raccuglia paid for the rental with a Visa credit card. The boat was defective and damaged. Mr. Raccuglia returned the boat to Acqua Sports Adventures.

11. Acqua Sports Adventures alleged that the Mr. Raccuglia was responsible for the defects and damage to the boat. Mr. Raccuglia disputed this fact to Acqua Sports Adventures. Acqua Sports Adventures then requested Mr. Raccuglia pay the sum of $1,071.78 to pay for the alleged damage. Mr. Raccuglia disputed that he was responsible for such amount, and refused to pay such amount.

12. Acqua Sport adventures then attempted to charge additional amounts totaling $2,282.76, onto the Visa credit card used by Mr. Raccuglia to rent the defective boat. These additional charges were purportedly to pay for the defects and damage to the boat. Plaintiff disputed these charges to Acqua Sports and to Visa.

13. Visa conducted an investigation of the situation and did not permit the additional charges.

14. Aqua Sports then hired the Defendant A&S to attempt to collect this disputed amount.

15. On April 12, 2005, A&S sent their first dunning letter to the Plaintiff. The Plaintiff received such letter. Said letter is attached hereto as Exhibit A.

16. Exhibit A demands the amount due of $2,510.76. This amount is $1,438.98 more than Acqua Sports originally requested from Plaintiff, and $228.00 more than Acqua Sports was attempting to charge onto Plaintiff's Visa credit card.

17. In or around April 2005 Plaintiff Stephanie Raccuglia had a telephone conversation with Defendant A&S in which Ms. Raccuglia informed Defendants again that they had not damaged the boat and did not owe the alleged money. Ms. Raccuglia informed the Defendants that this debt was disputed and that they did not intend on paying such debt. Defendants threatened Ms. Raccuglia that if the debt was not paid, Defendants could place a lien on Plaintiffs' property. Ms. Raccuglia informed Defendant that Plaintiffs were represented by an attorney with regard to this disputed debt.

18. In or around May 2005, Defendants reported to the Credit Reporting Agency Equifax that Stewart Raccuglia owed the outstanding amount of $2,511.00, and that this amount was in "collection." Defendants did not report to Equifax that the alleged debt was disputed by Mr. Raccuglia.

19. In or around June 2005, Defendants reported to the Credit Reporting Agency Equifax that Stewart Raccuglia owed the outstanding amount of $2,511.00, and that this debt was in "collections." Defendants did not report to Equifax that the alleged debt was disputed by Mr. Raccuglia.

20. On July 1, 2005 Stewart Raccuglia had a telephone conversation with Defendant Yolanda at A&S Collection. Yolanda attempted to collect the disputed debt from Stewart Raccuglia. Yolanda informed Mr. Raccuglia that a legal notice was already sent to him and that he would have an opportunity to tell his story to a judge. Yolanda informed Mr. Raccuglia that Mr. Raccuglia was responsible for all collection fees, legal fees, and court costs. Yolanda threatened to place a lien on the house of the Plaintiffs, and to garnish Mr. Raccuglia's pay. Mr. Raccuglia again informed Defendants that he was represented by an attorney in this matter, and again informed Defendants that the alleged

debt was disputed. Mr. Raccuglia objected to Defendants reporting this alleged debt on his Equifax credit report. Defendants informed Mr. Raccuglia that they intended to continue reporting the alleged debt on Plaintiff's credit report. Plaintiff objected to the fact that the Defendants had not noted on his credit report that this account was disputed. Defendants informed Mr. Raccuglia that they report to the Credit Reporting Bureaus every thirty days. Defendants informed Mr. Raccuglia that this account would remain on his credit report but would be updated to show that this was a disputed account. Defendants have not done such.

21. At some point in July 2005, following the conversation between Stewart Raccuglia and Defendant on July 1, 2005, Defendants reported to the Credit Reporting Agency Equifax that Mr. Raccuglia owed the outstanding amount of $2,511.00, and that this debt was in "collections." Defendants did not report to Equifax that the alleged debt was disputed by Mr. Raccuglia.

22. On July 7, 2005 Mr. Raccuglia had another telephone conversation with Yolanda. Defendants attempted to collect the disputed debt from Mr. Raccuglia. The Defendants again informed Mr. Raccuglia that Defendants had sent a legal notice to the Mr. Raccuglia. Defendants informed Mr. Raccuglia that Defendants were "referring it to an attorney in our area". A&S is located in Vermont. Defendant then informed Mr. Raccuglia that they were going to send a legal notice to the Plaintiffs' attorney. The Defendants did not do so.

23. On information and belief, in or around August 2005, Defendants reported to the Credit Reporting Agency Equifax that Stewart Raccuglia owed the outstanding amount

of $2,511.00, and that this debt was in "collections." Defendants did not report to Equifax that the alleged debt was disputed by the Stewart Raccuglia.

24. On information and belief, in or around September 2005, Defendants reported to the Credit Reporting Agency Equifax that Stewart Raccuglia owed the outstanding amount of $2,511.00, and that this debt was in "collections." Defendants did not report to Equifax that the alleged debt was disputed by Stewart Raccuglia.

## V. CAUSES OF ACTION UNDER THE FDCPA

25. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs. Defendants' violations include but are not limited to the following:

### Defendants' Communication with Credit Reporting Agency

26. Each of Defendants' communications with Equifax violated 15 U.S.C. Section 1692 f in that it was an unfair and unconscionable means to attempt to collect a debt.

27. Each of Defendants' communications with Equifax violated 15 U.S.C. Section 1692 d in that it was conduct the natural consequence of which was to harass, oppress, and abuse the Plaintiff.

28. Each of Defendants' communications with Equifax violated 15 U.S.C. Section 1692 e(8) in that it falsely communicated to a person credit information which was known or which should have been known to be false, including Defendants failure to indicated to Equifax that the alleged debt was disputed.

29. Each of Defendants' communication with Equifax violated 15 U.S.C. Section 1692 e in that in that it was false, misleading, and deceptive.

30. Each of Defendants' communication with Equifax in violated 15 U.S.C.

Section 1692 e (10) in that in that it was false, misleading, and deceptive.

31. Each of Defendants' communication with Equifax in violated 15 U.S.C. Section 1692 e (2) in that in that it falsely represented the character, amount, and/or legal status of the alleged debt.

Defendants' Letter Dated April 12, 2005

32. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692 e (2) in that in that it falsely represented the character, amount, and/or legal status of the alleged debt.

33. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692f in that it attempted to collect an amount not expressly authorized by law or agreement.

34. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692e in that it contained false statements.

35. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692e(10) in that it contained false statements.

36. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692e(8) in that it threatened to report credit information which is known or which should have been known to be false.

37. Defendants' letter to the Plaintiff dated April 12, 2005 violated 15 U.S.C. Section 1692g in that it contained statements that overshadow and contradict the rights afforded Plaintiff by 15 U.S.C. Section 1692g.

Defendants' Communication with Plaintiff's Stephanie Raccuglia

38. Defendants violated 15 USC 1692e during Defendants' phone call with Plaintiff Stephanie Raccuglia in April 2005 by making false statements.

39. Defendants violated 15 USC 1692e(10) during Defendants' phone call with Plaintiff in April 2005 by making false statements.

40. Defendants violated 15 USC 1692e(5) during Defendants' phone call with Stephanie Raccuglia in April 2005 by threatening an action that Defendant did not intend to take.

41. Defendants violated 15 USC 1692d during Defendants' phone call with Stephanie Raccuglia in April 2005 by engaging in conduct the natural consequence of which was to harass, oppress and abuse Stephanie Raccuglia.

42. Defendants violated 15 USC 1692f during Defendants' phone call with Stephanie Raccuglia in April 2005 by attempting to collect an amount not authorized by law or contract.

43. Defendants violated 15 USC 1692c during Defendants' phone call with Stephanie Raccuglia in April 2005 by communicating with a consumer when the debt collector knows the consumer is represented by an attorney.

44. Defendants violated 15 U.S.C. Section 1692e(8) during Defendants' phone call with Stephanie Raccuglia in April 2005 by threatening to report credit information which is known or which should have been known to be false.

Defendants' Communication with Stewart Raccuglia on July 1, 2005

45. Defendants violated 15 USC 1692e(2) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by making a false representation of the character, amount and/or legal status of the alleged debt.

46. Defendants violated 15 USC 1692e and/or 15 USC 1692e(10) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by informing Mr. Raccuglia that Defendants intended to correct the erroneous information that they had reported to Equifax.

47. Defendants violated 15 USC 1692e during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by making false statements.

48. Defendants violated 15 USC 1692e(10) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by making false statements.

49. Defendants violated 15 USC 1692e(5) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by threatening an action that Defendant did not intend to take.

50. Defendants violated 15 USC 1692d during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by engaging in conduct the natural consequence of which was to harass, oppress and abuse the Plaintiffs.

51. Defendants violated 15 USC 1692f during Defendants phone call with Stewart Raccuglia on July 1, 2005 by attempting to collect an amount not authorized by law or contract.

52. Defendants violated 15 USC 1692c during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by communicating with a consumer when the debt collector knows the consumer is represented by an attorney.

53. Defendants violated 15 USC 1692e(2) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by making a false representation of the character, amount and/or legal status of the alleged debt.

54. Defendants violated 15 U.S.C. Section 1692e(8) during Defendants' phone call with Stewart Raccuglia in July 1, 2005 by threatening to report credit information which is known or which should have been known to be false.

Defendants' Communication with Plaintiff on July 7, 2005

55. Defendants violated 15 USC 1692e during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by making false statements.

56. Defendants violated 15 USC 1692e(4) during Defendants' phone call with Stewart Raccuglia on July 1, 2005 by falsely representing that nonpayment of the allege debt would result in the garnishment of Mr. Raccuglia's wages, the seizure of Mr. Raccuglia's property, and a lien upon Mr. Raccuglia's real property.

57. Defendants violated 15 USC 1692e(10) during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by making false statements.

58. Defendants violated 15 USC 1692e(5) during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by threatening an action that Defendant did not intend to take.

59. Defendants violated 15 USC 1692d during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by engaging in conduct the natural consequence of which was to harass, oppress and abuse the Plaintiffs.

60. Defendants violated 15 USC 1692f during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by attempting to collect an amount not authorized by law or contract.

61. Defendants violated 15 USC 1692c during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by communicating with a consumer when the debt collector knows the consumer is represented by an attorney.

62. Defendants violated 15 USC 1692e(2) during Defendants' phone call with Stewart Raccuglia on July 7, 2005 by making a false representation of the character, amount and/or legal status of the alleged debt.

63. Defendants violated 15 U.S.C. Section 1692e(8) during Defendants' phone call with Stewart Raccuglia in July 7, 2005 by threatening to report credit information which is known or which should have been known to be false.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

64. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

65. Defendants, actions as detailed above violate the New York General Business Law Section 349 et seq. Defendant's violations include, but are not limited to the following:

(a) Each of Defendants' communications with Equifax was deceptive in that it alleged that Stewart Raccuglia owed a debt that Stewart Raccuglia did not owe.

(b) Each of Defendants' communication with Equifax was deceptive in that it failed to note that the account was disputed.

(c)Defendants' letter to Stewart Raccuglia dated April 12, 2005 contained false statements and/or false threats.

(d) Defendants phone call with Stephanie Raccuglia in April 2005 contained false statements and/or false threats.

(e) Defendants phone call with Stewart Raccuglia in July 1, 2005 contained false statements and/or false threats.

(f) Defendants phone call with Stewart Raccuglia in July 7, 2005 contained false statements and/or false threats.

## VII. DEFAMATION

66. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

67. Defendants maliciously made, and published false and defamatory statements about Stewart Raccuglia in that Defendant informed Equifax in May 2005 that Stewart Raccuglia owed an un-disputed debt which was being collected by a debt collector. Such statement inherently suggests that Stewart Raccuglia is not a good credit risk.

68. Defendants' false statements made to Equifax in May, 2005 are defamatory on their face, and constitute libel per se.

69. Defendants' false statements made to Equifax in May 2005 are defamatory and constitute libel.

70. Defendants do not have just cause or excuse for such defamatory statements made to Equifax in May 2005.

71. Defendants' false statements made to Equifax in May 2005 are injurious to the Stewart Raccuglia's reputation, esteem, and good will. Defendants' false statements made to Equifax in May 2005 caused Stewart Raccuglia to lose opportunities to obtain credit. Defendants' false statements made to Equifax in May 2005 caused Stewart Raccuglia to suffer emotional damages. Stewart Raccuglia has suffered damages in an amount to be determined upon the trial of this action.

72. Defendants maliciously made, and published false and defamatory statements about the Stewart Raccuglia in that Defendants informed Equifax in June 2005 that Stewart Raccuglia owed an un-disputed debt which was being collected by a debt collector. Such statement inherently suggests that Stewart Raccuglia is not a good credit risk.

73. Defendants' false statements made to Equifax in June, 2005 are defamatory on their face, and constitute libel per se.

74. Defendants' false statements made to Equifax in June 2005 are defamatory and constitute libel.

75. Defendants do not have just cause or excuse for such defamatory statements made to Equifax in June 2005.

76. Defendants' false statements made to Equifax in June 2005 are injurious to the Stewart Raccuglia's reputation, esteem, and good will. Defendants' false statements made to Equifax in June 2005 caused the Stewart Raccuglia to lose opportunities to obtain credit.

Defendants' false statements made to Equifax in June 2005 caused Stewart Raccuglia to suffer emotional damages. Stewart Raccuglia has suffered damages in an amount to be determined upon the trial of this action.

77. Defendants maliciously made, and published false and defamatory statements about the Stewart Raccuglia in that Defendants informed Equifax in July 2005 that Stewart Raccuglia owed an un-disputed debt which was being collected by a debt collector. Such statement inherently suggests that Stewart Raccuglia is not a good credit risk.

78. Defendants' false statements made to Equifax in July, 2005 are defamatory on their face, and constitute libel per se.

79. Defendants' false statements made to Equifax in July 2005 are defamatory and constitute libel.

80. Defendants do not have just cause or excuse for such defamatory statements made to Equifax in July 2005.

81. Defendants' false statements made to Equifax in July 2005 are injurious to the Stewart Raccuglia's reputation, esteem, and good will. Defendants' false statements made to Equifax in July 2005 caused Stewart Raccuglia to lose opportunities to obtain credit. Defendants' false statements made to Equifax in July 2005 caused Stewart Raccuglia to suffer emotional damages. Stewart Raccuglia has suffered damages in an amount to be determined upon the trial of this action.

82. Defendants maliciously made, and published false and defamatory statements about the Stewart Raccuglia in that Defendants informed Equifax in August 2005 that Stewart Raccuglia owed an un-disputed debt which was being collected by a debt collector. Such statement inherently suggests that Stewart Raccuglia is not a good credit risk.

83. Defendants' false statements made to Equifax in August, 2005 are defamatory on their face, and constitute libel per se.

84. Defendants' false statements made to Equifax in August 2005 are defamatory and constitute libel.

85. Defendants do not have just cause or excuse for such defamatory statements made to Equifax in August 2005.

86. Defendants' false statements made to Equifax in August 2005 are injurious to the Stewart Raccuglia's reputation, esteem, and good will.  Defendants' false statements made to Equifax in August 2005 caused the Stewart Raccuglia to lose opportunities to obtain credit.  Defendants' false statements made to Equifax in August 2005 caused the Stewart Raccuglia to suffer emotional damages. Stewart Raccuglia has suffered damages in an amount to be determined upon the trial of this action.

87. Defendants maliciously made, and published false and defamatory statements about the Stewart Raccuglia in that Defendants informed Equifax in September 2005 that Stewart Raccuglia owed an un-disputed debt which was being collected by a debt collector. Such statement inherently suggests that Stewart Raccuglia is not a good credit risk.

88. Defendants' false statements made to Equifax in September, 2005 are defamatory on their face, and constitute libel per se.

89. Defendants' false statements made to Equifax in September 2005 are defamatory and constitute libel.

90. Defendants do not have just cause or excuse for such defamatory statements made to Equifax in September 2005.

91. Defendants' false statements made to Equifax in September 2005 are injurious to Stewart Raccuglia's reputation, esteem, and good will. Defendants' false statements made to Equifax in September 2005 caused Stewart Raccuglia to lose opportunities to obtain credit. Defendants' false statements made to Equifax in September 2005 caused the Stewart Raccuglia to suffer emotional damages. The Plaintiffs have suffered damages in an amount to be determined upon the trial of this action.

## IX. NEGLIGENCE & GROSS NEGLIGENCE

92. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

93. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiffs a duty, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiffs.

94. Defendants' actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiffs a duty, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiffs, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiffs.

## VIII. DAMAGES

95. As a result of the foregoing violations defendants are liable to the plaintiffs for a declaratory judgment that defendant's conduct violated the FDCPA; a declaratory judgment that the defendant's conduct violated New York State General Business law; a declaratory judgment that defendant's actions constitute defamation; a declaratory

judgment that defendants' actions constitute negligence; a declaratory judgment that defendants' actions constitute gross negligence; an injunction against any further violations of Plaintiff's rights under state and federal law; general damages regarding the claim for defamation; actual damages regarding the claim for defamation; nominal damages regarding the claim for defamation; special damages regarding the claim for defamation; punitive damages regarding the claim for defamation; actual damages regarding the claims under the FDCPA; statutory damages under the FDCPA; costs and attorney's fees under the FDCPA;  actual damages under New York General Business Law; statutory damages under New York General Business Law; punitive damages under New York General Business Law; costs and attorney's fees under New York General Business Law;  general damages regarding the claim for negligence; actual damages regarding the claim for negligence; nominal damages regarding the claim for negligence; special damages regarding the claim for negligence; punitive damages regarding the claim for negligence; general damages regarding the claim for gross negligence; actual damages regarding the claim for gross negligence; nominal damages regarding the claim for gross negligence; special damages regarding the claim for gross negligence; and punitive damages regarding the claim for gross negligence.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendants, for the following:

1. Declaratory judgment that defendant's conduct violated the FDCPA;

2. Declaratory judgment that defendant's actions constitute defamation;

3. Declaratory judgment that defendant's actions violated New York General Business Law;

4. Declaratory judgment that defendant's actions constitute negligence;

5. Declaratory judgment that defendant's actions constitute gross negligence;

6. Injunctive relief prohibiting further violations of the Plaintiffs' rights under state and federal law;

7. General damages regarding the claim for defamation;

8. Special damages regarding the claim for defamation;

9. Actual damages regarding the claims for defamation;

10. Nominal damages regarding the claim for defamation;

11. Punitive damages regarding the claim for defamation;

12. General damages regarding the claim for negligence;

13. Special damages regarding the claim for negligence;

14. Actual damages regarding the claims for negligence;

15. Nominal damages regarding the claim for negligence;

16. Punitive damages regarding the claim for negligence;

17. General damages regarding the claim for gross negligence;

18. Special damages regarding the claim for gross negligence;

19. Actual damages regarding the claims for gross negligence;

20. Nominal damages regarding the claim for gross negligence;

21. Punitive damages regarding the claim for gross negligence;

22. Actual damages under the FDCPA

23. Statutory damages under the FDCPA

24. Costs and reasonable attorney's fees under the FDCPA

25. Actual damages under the New York General Business Law;

26. Statutory damages under the New York General Business Law;

27. Punitive damages under the New York General Business Law;

28. Costs and reasonable attorney's fees under the New York General Business

Law;

29. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,


Joseph Mauro (8295)
631 Montauk Hwy. Ste. 6
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)


## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

Attorney for Plaintiff

# EXHIBIT A

# A & S Collection Associates, Inc.
P.O. Box 395
Williamstown, VT 05679
(800) 660-6642
(802) 433-2100

STEWART RACCUGLIA
513 SYLVAN AVE
BAYPORT, NY 11705-1538

**TO BE OPENED BY ADDRESSEE ONLY**

ACCOUNT #:582263
OWED TO: AQUA SPORTS ADVENTURES

Amount Due:    2510.76r
04/12/2005

The above listed account has been placed with this collection agency for collections. We strongly recommend you contact us at (800) 660-6642 or (802) 433-2100 to clear up this matter.

Failure to clear up this matter could result in further steps being taken, such as possible legal action and reporting this account to Equifax Credit Bureau.

To clear this account by credit card, please fill out the section below, or make your check or money order payable to our client and send it to the address listed above. To pay by phone call (800) 660-6642 or (802) 433-2100.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

SEE REVERSE SIDE FOR IMPORTANT NOTIFICATIONS REGARDING YOUR RIGHTS

PAYMENT TYPE  ☐ Check/Money Order    ☐ VISA    ☐ Mastercard
              ☐ Amex

All checks returned NSF will be redeposited electronically for face value plus state allowable fees.

Please clear my account owed to _____

in the amount of _____, by charging it to my VISA, Mastercard or AMEX.

Account Number _____ MasterCard 4 Digit Bank # _____

Expiration Date _____ Authorized Signature _____

Phone # _____                      582263

**PLEASE RETURN THIS SLIP WITH PAYMENT**

#009

## NOTICE OF RIGHTS

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you so notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgement, if any, and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

### MEMBER OF THE EQUIFAX CREDIT BUREAU

FOR PERSONS RESIDING IN COLORADO ONLY: Collection agencies in your state are regulated by the Collection Agency Board in the Department of Law, located at State Services Building, 1525 Sherman Street, 5th Floor, Denver, CO 80203. Any person residing in Colorado may notify our agency to cease all telephone calls to their place of employment, refuse to pay a debt, and/or request that all communications be ceased. Should you take any of the above steps, we may still pursue legal remedies to collect this debt.

FOR PERSONS RESIDING IN MINNESOTA ONLY: This collection agency is licensed by the Minnesota Department of Commerce. If the check you issue to us for payment of your debt is dishonored, you may be liable for a service charge of up to $30 and a civil penalty of up to $100.

FOR PERSONS RESIDING IN WISCONSIN ONLY: This collection agency is licensed by the office of the Commissioner of Banking, P.O. Box 7876, Madison, WI 53707.

FOR PERSONS RESIDING IN MASSACHUSETTS ONLY: Our Massachusetts business address is 5230 Washington St., West Roxbury, MA 02132. You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any oral request will be valid for 10 days unless you provide written confirmation of the request postmarked or delivered within 7 days of such request. You may reverse this request by writing to the collection agency.

FOR PERSON RESIDING IN NORTH CAROLINA ONLY: North Carolina permit number 2027.

### OFFICE HOURS
8:00 a.m. - 8:00 p.m. Monday - Thursday
8:00 a.m. - 4:30 p.m. Friday
8:00 a.m. - 11:00 a.m. Saturday

**CASE NO.**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**Stewart Raccuglia and**
**Stephanie Raccuglia,**

                              **Plaintiff**

**vs.**

**A&S Collection Associates, Inc.**
**and "Yolanda"; Thomas Helmka**
**and Aqua Sports Adventures**

                      **Defendant**

---

**SUMMONS & COMPLAINT**

---

**The Law Office of Joseph Mauro, LLC**
**631 Montauk Hwy. Ste. 6**
**West Islip, NY 11795**

**Ph. (631) 669-0921**
**Fax (631) 669-5071**

---